UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MANUEL MARIA ALMANZAR,

                        Plaintiff,                        14-cv-3184 (PKC)

      -against-                                      MEMORANDUM
                                                                   AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Manuel Maria Almanzar seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security (the "Commissioner") that he has not been underpaid Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 et seq., or Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. The Commissioner now moves for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. (Dkt. No. 23.) For the following reasons, the motion is granted.

BACKGROUND

        On September 18, 2009, Almanzar was found disabled by the Social Security Administration ("SSA") and thereafter received monthly disability benefits. (R. 56.)[1] In July 2011, the SSA discovered that Almanzar had been underpaid benefits for March of that year, and paid him the amount remaining owed to him, which it determined to be $224.91. (R. 69.)

---

[1] Citations to "(R. __)" refer to the certified copy of the SSA administrative record filed by the Commissioner as part of her answer. (Dkt. No. 12.)

Almanzar sought reconsideration of that determination, and also stated that his current benefit payments as of September 2011 were insufficient to meet his expenses. (R. 88–91.) Reconsideration was denied on September 22, 2011 (R. 92), and Almanzar timely requested a hearing. (R. 95.) The hearing, at which Almanzar appeared and testified without an attorney present, was held on June 15, 2012, before Administrative Law Judge ("ALJ") Lucian Vecchio. (R. 113–20.) On June 29, 2012, ALJ Vecchio issued his decision, finding that Almanzar was correctly paid all benefits and not entitled to any underpayment. (R. 18–21.) Almanzar requested review of the decision (R. 7–9), and on March 26, 2014, the Appeals Council denied the request (R. 2), rendering the ALJ's decision the final decision of the Commissioner.

Almanzar filed this action on April 25, 2014. (Dkt. No. 1.) The Commissioner now moves for judgment on the pleadings. (Dkt. No. 23.) In opposition to the motion, Almanzar has simply submitted an affirmation stating that he is "unable to work because of [his] medical conditions which prevent [him] from working and maintain [himself]," without further elaboration. (Dkt. No. 25.)

LEGAL STANDARD

A motion to dismiss under Rule 12(c), Fed. R. Civ. P., may be granted only if the movant establishes his entitlement to judgment on the pleadings as a matter of law. Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Local 537, 47 F.3d 14, 16 (2d Cir. 1995). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). Under Rule 12(c), the movant bears the burden of establishing "that no material issue of

fact remains to be resolved and that [it] is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, Vt., 901 F.2d 266, 269 (2d Cir. 1990) (citations omitted) (alteration in original).

A court reviewing a final decision of the Commissioner must uphold the decision if the Commissioner's findings are free of legal error and supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied . . . the court shall review only the question of conformity with [the] regulations . . . ."); see also Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008). A court may not review the Commissioner's decision de novo. See Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 122 (2d Cir. 2012) (citation omitted). Review thus involves two levels of inquiry. Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999). First, the court must determine "whether the Commissioner applied the correct legal standard," id., including adherence to applicable regulations, see Kohler, 546 F.3d at 265. Second, the court must decide whether the Commissioner's decision is supported by substantial evidence. Tejada, 167 F.3d at 773.

An ALJ's "[f]ailure to apply the correct legal standards is grounds for reversal." Pollard v. Halter, 377 F.3d 183, 189 (2d Cir. 2004) (quoting Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)). An ALJ's factual findings supported by substantial evidence are "binding" on a district court, but "where an error of law has been made that might have affected the disposition of the case," the court cannot simply defer to the ALJ's factual findings. Id.

Before deciding whether the Commissioner's determination is supported by substantial evidence, the reviewing court must first be satisfied that the claimant received "a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the

Act." Echevarria v. Sec'y of Health & Human Servs ., 685 F.2d 751, 755 (2d Cir. 1982) (citation and quotation marks omitted). The ALJ has an affirmative duty to fully and fairly develop an administrative record. Echeverria, 685 F.2d at 755. This duty arises, regardless of whether the claimant is represented by counsel, from the fact that "a hearing on disability benefits is a non-adversarial proceeding." Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). "[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel. . . .'" Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999) (quoting Perez, 77 F.3d at 47). Accordingly, "the reviewing court must make a 'searching investigation' of the record to ensure that" the ALJ protected the claimant's rights. Robinson v. Sec'y of Health & Human Servs., 733 F.2d 255, 258 (2d Cir. 1984) (citation omitted). "A finding of gaps in the record or need for further development of the evidence is cause for remand." Batista v. Chater, 972 F.Supp. 211, 217 (S.D.N.Y.1997) (Sotomayor, J.) (citing Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)).

DISCUSSION

        The ALJ first determined that Almanzar was paid the correct amount of benefits for March 2011. That decision was free of legal error and supported by the record. Almanzar received a total of $536.34 in SSI for that month: he was initially paid $311.42, and later received an additional $224.91. (R. 69.) In 2011, $761 was the maximum amount in combined federal and state SSI available to an individual living alone in New York. U.S. Soc. Sec. Admin., Program Operations Manual System ("POMS") SI 01415.043L. However, Almanzar was incarcerated between March 1 and March 14, 2011. (R. 57, 105, 118.) Pursuant to POMS, a person who is incarcerated on the first of the month is charged in-kind support and maintenance

("ISM") for that month as unearned income. POMS SI 00835.001, SI 00835.500E.1.b. In 2011, the Presumed Maximum Value ("PMV") of ISM for one month was $244.66. POMS SI 00835.901D. PMV is used to determine the value of ISM received by individuals or couples not living in another person's household. POMS SI 00835.001. Further, the first $20 of unearned income received is excluded. POMS SI 00810.420. In March 2011, Almanzar was thus eligible to receive the maximum payment of $761, minus the $244.66 in ISM, plus the $20 exclusion— i.e., $536.34.

The ALJ further determined that Almanzar's benefits were correctly calculated for the period beginning in September 2011. This was also legally sound and supported by the record. In September 2011, Almanzar began receiving DIB in the amount of $701 per month. (R. 98, 104, 109.) Pursuant to POMS SI 00830.201, DIB are unearned income. Factoring in the $20 exclusion, Almanzar was thus eligible to receive $80 in SSI, which is what he was in fact paid. (R. 98–104.)

The record contains no evidence suggesting that Almanzar's benefit amount was incorrectly calculated, and indeed, Almanzar does not dispute these calculations or any of the facts underlying them. His request for a hearing before the ALJ merely stated: "my new SSI benefit does not let me cover my living expenses." (R. 95.) At the hearing, Almanzar complained specifically about the reduction of his SSI benefits to $80 per month. (R. 117.) Combined with the DIB, however, Almanzar's total September 2011 benefits amounted to $781 per month—$20 per month more than before he began receiving DIB. Further, Almanzar received a fair hearing before the ALJ on June 15, 2012. Although he was unrepresented by counsel, the ALJ informed him of his right to adjourn the hearing in order to find an attorney, which Almanzar declined to do. (R. 116.) The ALJ explained to him the reason for the

reduction in his benefits for March 2011, and Almanzar stated that he understood them. (R. 118.) Almanzar made the same statement to SSA personnel on February 12, 2012. (R. 107.)

CONCLUSION

       For the foregoing reasons, the Commissioner's motion is GRANTED. The Clerk is directed to enter judgment for the defendant.

       SO ORDERED.

                                       P. Kevin Castel
                                    United States District Judge

Dated: New York, New York
       June 24, 2015